| | | |
|---|---|---|
| **Jose Busanet**, *pro se*,<br>SCI Phoenix, #DX0422<br>1200 Mokychic Drive<br>Collegeville, PA 19426<br>*Plaintiff*, | : | |
| v. | : | No. _____ |
| **John E. Wetzel**, Secretary,<br>PA Department of Corrections<br>1920 Technology Parkway<br>Mechanicsburg, PA 17050<br>*Defendant, individually,*<br>*and in his official capacity.*<br>& | : | § 1983 Civil Rights Action |
| **PA Department of Corrections**<br>1920 Technology Parkway<br>Mechanicsburg, PA 17050 | : | Jury Trial Demanded |

# Verified Complaint

This is a civil action brought by pro se plaintiff Jose Busanet against John E. Wetzel, Secretary of the PA Department of Corrections, and against the Department itself, for violations of Title II of the ADA and § 504 of the Rehabilitation Act, and for violations of the Eighth and Fourteenth Amendments to the U.S. Constitution. Having no available administrative remedies, the plaintiff seeks declaratory and monetary damages.

The plaintiff verifies, subject to the penalties prescribed by 28 U.S.C. § 1746, that the following 40 averments are true and correct to the best of his knowledge, or information and belief.

## Parties

**1.** Plaintiff Jose Busanet is a 48-year-old mentally and intellectually disabled death-condemned prisoner whose mailing address is: SCI Phoenix, #DX0422, 1200 Mokychic Drive, Collegeville, PA 19426.

**2.** Defendant John E. Wetzel is Secretary of the Pennsylvania Department of Corrections. In this capacity, Defendant Wetzel is responsible for the overall management and operation of the entire adult corrections system in the Commonwealth and for protecting the constitutional rights of all individuals in the DOC including those with Serious Mental Illness/Intellectual Disability ("SMI/ID"). Defendant Wetzel authorized and condoned the policy of housing SMI/ID prisoners in solitary confinement indefinitely if they were sentenced to death.

**3.** At all times relevant, Defendant Wetzel was acting under color of state law and within the scope of his employment as an official of the DOC. Wetzel is sued in his official capacity under the ADA and RA and sued in his individual capacity for monetary relief in counts II and III.

**4.** Defendant Pennsylvania Department of Corrections is an agency of the Commonwealth that houses persons serving sentences of incarceration.

## Jurisdiction and Venue

**5.** Plaintiff brings this action pursuant to 28 U.S.C. § 1983, Title II of the ADA and RA, and the Eighth and Fourteenth Amendments to the U.S. Constitution.

**6.** This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1343.

**7.** Venue is proper under 28 U.S.C. § 1391(b) because this district is where the events giving rise to this claim occured.

## Statement of Facts

**8.** The plaintiff is mentally and intellectually disabled. *See* report of Neil Blumberg, M.D., F.A.P.A., ("Blumberg Report"), 12/6/2004 (attached as exhibit A).

**9.** The defendants held the plaintiff in solitary confinement without rationale beginning in 1999.

**10.** The plaintiff was confined, alone, for 23 hours per day in a small cell the size of regular parking spot.

**11.** The plaintiff's cell and cell block were illuminated 24 hours per day.

**12.** This artificial light interfered with the plaintiff's sleep.

**13.** The plaintiff was prohibited from having meaningful social interactions.

**14.** The plaintiff was prohibited from having contact visitation.

**15.** The plaintiff was prohibited from participating in congregate religious activities.

**16.** The plaintiff was prohibited from having access to educational services.

**17.** On weekday mornings, weather permitting, the plaintiff was allowed to go outside for one hour in an enclosure not much larger than his cell.

**18.** On weekends, the plaintiff was confined to his cell for as long as 70 consecutive hours between Friday morning and Monday morning; in instances where a holiday abuts a weekend, this period of isolation extended an additional 24 hours.

**19.** These conditions have been detrimental to the plaintiff's physical and psychological health.

**20.** Due to the forced physical idleness, the plaintiff has experienced joint pain, migraine headaches, obesity, abdominal pain, muscle pains in the neck and back, and stress-related stomach ulcers.

**21.** Due to the conditions of confinement, the plaintiff has experienced ruminations, intrusive thoughts, oversensitivity to external stimuli, irrational anger, irritability, difficulty with attention and memory, obsessive behaviors, and a tendency to withdraw.

**22.** The plaintiff's feelings of sadness, depression, and suicidal ideation have been exacerbated by long-term isolation. *See* declaration of Craig Haney, M.D. (*Reid v. Wetzel*, 18-CV-00176, Doc. 28-6) 3/29/18 at 41-45 (attached as exhibit B).

**23.** The plaintiff remained in solitary confinement until the Department implemented a new policy that went into effect December 3, 2019. *See* Policy 7.5.1 "Administration of Specialized Inmate Housing".

**24.** The plaintiff brings this suit within two years of his release from solitary confinement—i.e., within two years of the defendants ceasing their continuing practice of violating the plaintiff's rights. *See Johnston v. Wetzel*, 431 F. Supp. 3d 666, 676 n.7 (2019 W.D. Pa.).

### Unavailability of Administrative Remedies

**25.** The Prison Litigation Reform Act's exhaustion requirements depends upon the availability of remedies. *Rinaldi v. United States*, 904 F.3d 257, 272 (3d Cir. 2018)

**26.** Here, the plaintiff had no remedies or grievance procedures available to challenge his solitary confinement. *See* DC-ADM 804 "Inmate Grievance System Procedures Manual" § 1(A)(7) ("Issues concerning . . . the reasons for placement in administrative custody will not be addressed through the Inmate Grievance System."); *see* letter from Witold Walczak, ACLU of PA, to John E. Wetzel, 3/13/2017 at 1-3 ("Death-sentenced prisoners are not afforded any opportunity to challenge or alter their conditions of confinement.") (exhibit C); *see also Johnston v. Wetzel*, 431 F. Supp. 3d at n.7.

## Cause of Action I
Violation of Title II of the ADA and RA

**27.** The defendants discriminated against the plaintiff on the basis of his disability.

**28.** The defendants denied the plaintiff the opportunity to participate in, and benefit from, services such as classification, education, vocational, and mental health services that are available to similarly situated prisoners.

**29.** The defendants placed the plaintiff in solitary confinement without either assessing him on an individual basis or otherwise justifying the need for indefinite isolation.

**30.** The defendants failed to reasonably modify policies and procedures. *See* Letter from Theron R. Perez, Chief Counsel, PA Dep't of Corrections, to Witold Walczak, 6/9/2017 (attached as exhibit D) (declining to reform policies for death-sentenced prisoners with mental health disabilities).

## Cause of Action II
Violation of U.S. Const., Amendment XIII

**31.** The medical and psychiatric literature on prolonged solitary confinement is extensive and unanimous in its acknowledgement of the harms caused by such confinement.

**32.** Defendant Wetzel was well aware of the risks inherent in prolonged solitary confinement; Wetzel has admitted to being familiar with the body of literature describing the negative effects of long-term solitary confinement. *Johnston*, 431 F.3d at 680-81.

**33.** Defendant Wetzel has been named as a defendant in numerous other lawsuits in which courts recognized the negative impact of solitary confinement. *See, e.g., Palakovic v. Wetzel*, 854 F.3d 209, 226 (3d Cir. 2017); *Johnson v. Wetzel*, 209 F. Supp. 3d 766, 777 (M.D. Pa. 2016); etc.

**34.** The defendants had actual knowledge of the plaintiff's condition as early as 1999. *See* Blumberg Report at 11.

**35.** The defendants exposed the plaintiff to an excessive and obvious risk of serious harm under harsh conditions that were not necessary for security-related reasons.

**36.** As a direct and proximate result of the defendants' deliberate indifference, the plaintiff has suffered serious psychological and physical harm, as described in ¶¶ 20 & 21.

**37.** The defendants' indifference to the plaintiff's federally protected rights was reckless and callous.

## Cause of Action III
### Violation of U.S. Const., Amendment XIV

**38.** The conditions and length of confinement to which the plaintiff was subjected was an atypical and significant hardship as compared with the ordinary incidents of prison life for three reasons: (1) his complete isolation; (2) the indefinite and permanent nature of his confinement; (3) his inability to challenge his placement in solitary confinement.

**39.** By denying the plaintiff any meaningful review of his prolonged placement in solitary confinement and providing no possibility of removal from isolation, the defendants deprived the plaintiff of liberty without due process of law.

**40.** As a direct and proximate result of the defendants' constitutional violations, the plaintiff suffered serious harm, as descibed above.

## Conclusion and Relief Sought

"A prison's obligation to comply with the ADA and RA does not disappear when inmates are placed in a segregated housing unit, regardless of the reason for which they are housed there." *Furgess v. Pa. Dep't of Corrections*, 933 F3d 285, 291 (3d Cir. 2019).

WHEREFORE, the plaintiff respectfully requests that the Court grant the following relief: a declaration that the defendants' conduct violated the plaintiff's rights; nominal, compensatory, and punitive damages; costs, fees, and expenses including attorney fees; any other relief the Court deems proper and just.

Respectfully submitted,

_Jose Busanet_           9-27-21
Jose Busanet           **Date**
SCI Phoenix, DX-0422
1200 Mokychic Drive
Collegeville, PA 19426

Jose Risanet
SCI Phoenix #DX0472
1200 Mokychie Dr.
Collegeville PA 19426



SEP 29 2021

U.S.M.S.
X-RAY

Prothonotary
United States Dist. Court for the
Eastern District of PA.
601 Market St
Rm 2609
Philadelphia PA 19106

7018 2290 0001 5486 2182

CERTIFIED MAIL



PA DEPARTMENT OF CORRECTIONS
INMATE MAIL
neopost
09/27/2021
US POSTAGE $007.70
ZIP 19426
041M12252211

PA DEPARTMENT OF CORRECTIONS
INMATE MAIL
neopost
09/27/2021
US POSTAGE $003.75
ZIP 19426
041M12252211




Re: New Complaint
w/ IFP Forms