IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSE BUSANET, | : | Honorable Michael M. Baylson |
| Plaintiff | : | |
| v. | : | No. 21-4286 |
| JOHN WETZEL, et al., | : | |
| Defendants | : | Filed Via Electronic Case Filing |

BRIEF IN SUPPORT OF THE DEFENDANTS' MOTION TO TRANSFER
PURSUANT TO LOCAL RULE 40.1(c)(2) AND 28 U.S.C. § 1404(a)

Procedural History

Plaintiff, an individual presently sentenced to death and incarcerated by the Commonwealth of Pennsylvania, Department of Corrections at the State Correctional Institution at Phoenix ("SCI-Phoenix") filed a complaint pursuant to 42 U.S.C. § 1983 on September 29, 2021. See Doc. 2.[1] Named as Defendants are former-Secretary of Corrections John Wetzel and the Department of Corrections.

---

[1] This case is part of a group of identical lawsuits filed by capital prisoners in all federal districts of the Third Circuit. The following cases comprise this group: Boxley v. Wetzel, et al., 21-4468 (EDPA); Busanet v. Wetzel, et al., 21-4286 (EDPA); Cash v. Wetzel, et al., 21-4748 (EDPA); Clemons v. Wetzel, et al., 21-5232 (EDPA); Conforti v. Wetzel, et al., 21-5293 (EDPA); Hackett v. Wetzel, et al., 21-5140 (EDPA); Hannibal v. Wetzel, et al., 21-4732 (EDPA); Hicks v. Wetzel, et al., 21-4719 (EDPA); Hitcho v. Wetzel, et al., 21-5173 (EDPA); Johnson v. Wetzel, et al., 21-4857 (EDPA); Lopez, et al., v. Wetzel, et al., 21-1819 (MDPA); Marinelli, et al., v. Wetzel, et al., 21-5215 (EDPA); Morales v. Wetzel, et al., 21-4765 (EDPA); Murphy v. Wetzel, et al., 21-4436 (EDPA); Natividad v. Wetzel, et al., 21-4754 (EDPA); Padilla v. Wetzel, et al., 21-5083 (EDPA); Perez v. Wetzel, et al., 21-4796 (EDPA); Reid, et al., v. Wetzel, et al., 21-5108 (EDPA); Rivera v. Wetzel, et al., 21-4524 (EDPA); Robinson v. Wetzel, et al., 21-4844 (EDPA); Robinson v. Wetzel, et al., 21-4715 (EDPA); Spotz v. Wetzel, et al., 21-1799 (MDPA); Staton v. Wetzel, et al., 21-5016 (EDPA); Stollar v. Wetzel, et al., 21-1515 (WDPA); Thomas v. Wetzel, et al., 21-4469 (EDPA).

1

Id. On December 15, 2021 the undersigned counsel entered his appearance on behalf of the Defendants.

## Statement of Alleged Facts

Plaintiff contends that he is intellectually disabled and suffering from a variety of mental health disorders. See Doc. 2, ¶ 8. Plaintiff further alleges that, beginning in 1995, he was held in solitary confinement under harsh conditions that included a small cell, constant illumination, lack of social interactions, lack of visitation, lack of congregate religious activities, lack of access to educational services, etc. Id at ¶¶ 9-18. Plaintiff avers that the combination of his intellectual disabilities and these harsh conditions caused him to experience significant physical pain. Id at ¶¶ 19-22. Plaintiff contends that the harsh, solitary confinement-like conditions endured until December 3, 2019, when the Department implemented a new policy that addressed the harsh conditions of the CCU. Id at ¶ 23.

Plaintiff makes three discrete claims based upon his long-term confinement in the Capital Case Unit ("CCU"). First, Plaintiff alleges that his confinement violated the Americans with Disabilities Act ("ADA"). Id at ¶¶ 27-30. Plaintiff next avers that his confinement violated the Eighth Amendment prohibition against cruel and unusual punishment. Id at ¶¶ 31-37. Finally, Plaintiff contends that his confinement violated the Fourteenth Amendment. Id at ¶¶ 38-40.

Statement of Questions Presented[2]

1. Should this Court grant Defendants' motion and transfer this case to the Middle District of Pennsylvania because the Defendants' policy-making authority operates there, and because Plaintiff is a member of a class litigating a substantially similar lawsuit in that District?

Argument

1. This Court should grant Defendants' motion and transfer this case to the Middle District of Pennsylvania because the Defendants' policy-making authority operates there, and because Plaintiff is a member of a class litigating a substantially similar lawsuit in that District?

28 U.S.C. § 1404(a) provides that:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented.

The interest of justice would be served by transferring these cases to the Middle District of Pennsylvania for consolidation and continued litigation. Plaintiff, like dozens of other death-sentenced prisoners confined at SCI-Phoenix, recently filed a lawsuit alleging violations of his rights under the Eighth and Fourteenth Amendments, as well as the Americans with Disabilities Act ("ADA") associated with the conditions of his confinement in the Capital Case Unit ("CCU"). These cases have been filed in in all federal districts of Pennsylvania. As an individual currently or previously sentenced to death in the Commonwealth of Pennsylvania, Plaintiff is part of a class certified in the Middle District of

---

[2] All questions presented are respectfully requested to be answered in the affirmative.

3

Pennsylvania in <u>Reid, et al., v. Wetzel, et al.</u>, 18-CV-0176 (MDPA). <u>See Reid</u>, Docs. 27-29.

Transfer of this matter to the Middle District of Pennsylvania is appropriate for dual reasons. First, the principal place of business of both the Pennsylvania Department of Corrections and Former-Secretary Wetzel is the Central Office of the Department of Corrections at 1920 Technology Parkway, Mechanicsburg, PA 17050, and within the Middle District. All Department policies, including those policies that impact the conditions of confinement in the CCU, are finalized and implemented there before being promulgated to local institutions.

Second, the class of death-sentenced prisoners of which Plaintiff is a part remains active, as a settlement agreement was reached in that matter and is in the process of being implemented and monitored. <u>See Reid</u>, 18-CV-0176 (MDPA). That suit similarly addresses the conditions of confinement in the CCU, as well as the alleged lack of opportunities for release to the general population.

The interest of justice would be served by transferring this case to the Middle District so that these numerous cases can be consolidated due to their identical nature and litigated in conjunction with an active class action of which the plaintiffs are already part. Transferring venue of these cases to one common forum, where jurisdiction is most appropriate and an active class-action exists represents the most effective and efficient way to resolve these cases for both the parties and the Court.

Conclusion

For all the above reasons, the Defendants respectfully request that the Court grant their motion to transfer venue to the Middle District.

Respectfully submitted,

Office of General Counsel

Joseph G. Fulginiti, Assistant Counsel
Attorney ID No.: 208039
Pennsylvania Department of Corrections
1920 Technology Parkway
Mechanicsburg, PA  17050
Phone No.: (717) 728-7763
Fax No.: (717) 728-0307
E-mail: josfulgini@pa.gov

Date: December 15, 2021