IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Jose Busanet, | : | |
| Plaintiff | : | |
| | : | |
| v. | : | Civil Action No: 2:21-CV-04286 |
| | : | |
| Wetzel, et al | : | |

MOTION FOR COURT'S INTERVENTION

Now, this 16th day of December, 2021, comes Jose Busanet, Plaintiff, pro se, seeking this Honorable Court's intervention in an urgent and on going matter with defense counsel in the above captioned case.

The situation is as follows:

1. On December 23, 2021 Plaintiff received legal documents from the paralegal in plaintiff's criminal appeal Christina Mott.

2. Specifically: a) Praecipe for Entry of Appearance of Joseph G. Fulginiti on behalf of the defendants in the above captioned case.
   b) Certificate of Service prepared by Angela Basehore.
   c) Defendant's Motion To Transfer.

        d) Defendant's Brief In Support of Motion To Transfer.

3. Defense Counsel FAILED TO SERVE plaintiff with these documents. Having been aware of defendant's need for counsel, plaintiff was expecting to receive a Praecipe for Entry of Appearance of Counsel on their behalf. Having NOT received this, plaintiff reached out to said paralegal Mott to check the docket for the above captioned case. Upon doing so, Mott discovered that the above listed documents were filed into the docket and promptly sent them to plaintiff.

4. Said documents were **NOT** served by defense counsel in accordance with the Federal Rules of Civil Procedure nor the Pa. DOC established policy/procedure DC-ADM 803 for sending legal documents direct to Plaintiff.

5. **IN FACT,** as is clearly indicated on the Certificate of Service, defense counsel claims to this Court that they served said legal documents as regular correspondence to Smart Communications, an out-of-state third party company in St. Petersburg, Florida.

6. When sent this way, said legal documents are scanned into a computer in Florida, original documents destroyed, a pdf version is created, pdf emailed to SCI mailroom in Pennsylvania, SCI mailroom personnel print out the documents, documents are turned over to Corrections Officers who take documents to housing unit, unit staff sort the unit's mail and write recipients cell location on the documents, documents are then given to pod Officers, pod Officers distribute documents to cells; documents having been handled by a minimum of 5 people.

7. Conversely, had defense counsel sent the legal documents in accordance with DC-

ADM 803, they would have been mailed directly to SCI, entered into the Digital Master Log, unopened correspondence subjected to K-9 air scan and x-ray imaging, forwarded to SCI Security Office for hand delivery to Plaintiff. In Plaintiff's presence, Security would verify that identity of recipient is the same as inmate present to receive correspondence by checking inmate State SCI ID card, open and inspect correspondence for contraband in Plaintiff's presence, have Plaintiff sign for the correspondence in an official log, then, if no contraband nor policy violations are discovered, turn over the correspondence to Plaintiff; only two people handling documents prior to receipt by Plaintiff.

8. Clearly, sending case specific documents as legal correspondence not only offers a high level of security, safeguarding both Plaintiff and Defendants with a verifiable process insuring that Plaintiff actually receives the documents, but also eliminating burden to this Court of the oft complained of phenomena of inmates not receiving defense mailings when the Pa. DOC is the defendent, requiring Court intervention. As well, this process drastically reduces the risk of document loss created when said documents are handled as regular correspondence: lost in Florida, lost in computer transaction, lost by SCI mailroom during printing of pdf, lost when unit staff sorts/marks mail, lost when unit pod staff distributes mail, lost if mail is given to wrong inmate and it is not returned to intended party. With no ID check nor signature requirement for receiving regular correspondence, and a minimum of 5 people handling said mail prior to delivery to Plaintiff, the risk is high and potential complications to this litigation are both probable and unnecessary.

WHEREFORE, Plaintiff humbly beseeches this Honorable Court to intervene now, at this beginning stage of pro se litigation, to eliminate potential complication and unfairness to Plaintiff moving forward, by simply ORDERING defense counsel to

address all correspondence intended for Plaintiff to: Jose Busanet #DX-0422, SCI Phoenix, 1200 Mokychic Drive, Collegeville, Pa. 19426.


Respectfully Submitted,

*/s/ Jose Busanet*
Jose Busanet, Plaintiff, pro se

CERTIFICATE OF SERVICE

I, Jose Busanet, plaintiff, pro se, hereby certify that, on this 27th day of December, 2021, I have served a true and correct copy of the attached Motion For Court's Intervention upon the following parties via First Class Mail:

(Counsel for Defendants)
Joseph G. Fulginiti, ESQ.
Pa. DOC Office of Chief Counsel
1920 Technology Parkway
Mechanicsburg, Pa.
17050

Signature: _____
Jose Busanet, plaintiff, pro se

